UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO PALOMINOS, et al., | CASE NO. 1:12-cv-00142-LJO-SKO |
| Plaintiffs, | **ORDER DISMISSING PLAINTIFFS' COMPLAINT AND GRANTING 30 DAYS LEAVE TO AMEND** |
| v. | |
| | (Docket No. 1) |
| CITIBANK, N.A., | |
| Defendant. | |
| _____/ | |

## I.   INTRODUCTION

On January 30, 2012, Plaintiffs Pablo Palominos and Marie Ines Palominos (collectively "Plaintiffs") filed this action against Defendant Citibank N.A. ("Defendant").  For the reasons set forth below, Plaintiffs' complaint is DISMISSED without prejudice and Plaintiffs are granted thirty (30) days leave to amend.

## II.   BACKGROUND

Plaintiffs allege that they resided at real property located in Modesto, California.  (Doc. 1, ¶ 3.) Plaintiffs bring their suit against Defendant "for its unlawful unfair collection practices arising out of the financing of [their] real property."  (Doc. 1, ¶ 2.)  Although Plaintiffs' allegations are unclear and fail to provide any factual specificity, it appears that Plaintiffs entered into a mortgage

in which either Defendant or some other unspecified entity was the lender, and the mortgage was later foreclosed upon. (Doc. 1, ¶¶ 20, 21, 24, 26, 27, 74-76.) Plaintiffs further assert that Defendant refused to enter into a loan modification prior to the foreclosure and engaged in "outrageous" conduct in an attempt to collect the debt. (Doc. 1, ¶¶ 26, 28, 29, 53-63, 130-135.) Plaintiffs also appear to contend that Defendant engaged in fraudulent conduct during both the loan application and loan modification process. (Doc. 1, ¶¶ 40-49, 69-72.)[1]

Plaintiffs allege the following causes of action: (1) violation of California Civil Code § 2923.6; (2) promissory estoppel; (3) fraud; (4) set aside a trustee's sale; (5) void or cancel trustee's deed upon sale; (6) wrongful foreclosure; (7) breach of contract; (8) breach of the covenant of good faith and fair dealing; (9) violation of the California Business and Professions Code § 17200; (10) quiet title; (11) slander of title; (12) declaratory relief; (13) violation of California Civil Code § 1788.17; and (14) violation of California Civil Code § 1572.

## III.  DISCUSSION

### A.  Applicable Standards

#### 1.  Screening Standard

In cases where the plaintiffs are proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

#### 2.  Legal Standard

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

---

[1] The Court notes that the paragraphs concerning the general allegations in Plaintiffs' complaint are numbered 40 and then 46; there are no paragraphs numbered 41-45. (*See* Doc. 1, p. 10.)

R. Civ. P. 8(a)(2).   "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).   "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"   *Id.* (quoting *Twombly*, 550 U.S. at 557).   Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.   *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (quoting *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint for failure to comply with Federal Rule 9(b).  *See Vess v. Ciba-Geigy Corp, USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).   Rule 9 provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.   Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).   Such circumstances include the "time, place, and specific content of the false representations as well as the identities of the parties to the  misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1066 (9th Cir. 2004)).   Claims subject to Rule 9(b) pleading requirements must also satisfy the ordinary pleading requirements of Rule 8.

**B.      Plaintiffs Fail to Establish Subject Matter Jurisdiction**

Federal courts have no power to consider claims for which they lack subject-matter jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).   Courts have an independent duty to consider their own subject matter jurisdiction and may, *sua sponte*, dismiss an action over which it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction.").

1    Here, Plaintiffs allege that "[j]urisdiction of this Court arises under California Code of Civil

2    Procedure § 410.10 et seq.  The California Superior Court has jurisdiction over this action pursuant

3    to California original jurisdiction in all in this case [sic], which presents California state law claims

4    regarding California real estate transactions conducted by California based entities." (Doc. 1, ¶ 15.)

5    Plaintiffs, however, have not filed their action in the California Superior Court, but have instead filed

6    this case in the United States District Court, Eastern District of California.  In other words, Plaintiffs

7    filed this action in federal court, not state court, although they provide a jurisdictional analysis as to

8    why the case should be in state court.

9        Plaintiffs thus fail to properly allege or establish that this Court has subject-matter

10   jurisdiction over this case.  Further, a review of the allegations in this complaint do not permit the

11   Court to independently determine that subject-matter jurisdiction is proper in federal court.

12   **1.      Federal Question Jurisdiction**

13       Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil

14   actions arising under the Constitution, laws, or treaties of the United States."  "A case 'arises under'

15   federal law either where federal law creates the cause of action or 'where the vindication of a right

16   under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam*

17   *v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Constr. Laborers*

18   *Vacation Trust*, 463 U.S. 1, 8-9 (1983)).  "The presence or absence of federal-question jurisdiction

19   is governed by the well-pleaded complaint rule." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392

20   (1987).  Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal

21   question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

22        Plaintiffs do not allege any claims under federal law.  Plaintiffs' claims all arise under the

23   California Civil Code, the California Business & Professions Code, or are common law claims that

24   arise under state law.  As such, these claims do not present a federal question that supports federal

25   subject-matter jurisdiction.

26   **2.      Diversity Jurisdiction**

27       Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over actions

28   in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where

4

1  the matter is between "citizens of different States."  Plaintiffs allege that they resided in Modesto,

2  California at all relevant times and thus establish that they are citizens of California.  (Doc. 1, ¶ 3.)

3  Plaintiffs further allege that "Defendant[] Citibank N.A. is a private company organized under the

4  laws of the State of California with its headquarters and principal place of business at 399 Park

5  Avenue, New York, NY 10001 . . . . Citibank N.A. has transacted and continues to transact business

6  throughout the State of California . . . [and] had submitted itself to and is within the personam

7  jurisdiction of this Court."  (Doc. 1, ¶ 4.)

8         Based on the above allegations, it appears that Plaintiffs are seeking to establish the

9  California Superior Court's jurisdiction over Defendant, which is not relevant to determining

10 subject-matter jurisdiction in federal court.  However, Plaintiffs may be able to establish this Court's

11 jurisdiction based on diversity, as Plaintiffs allege that they are citizens of California and that

12 Defendant is a private company headquartered in New York; as such, the matter is apparently

13 between "citizens of different States."  28 U.S.C. § 1332(a)(1).

14        In order for this Court to have subject-matter jurisdiction of this action based on diversity,

15 Plaintiffs also need to establish that the "matter in controversy exceeds the sum or value of $75,000,

16 exclusive of interest and costs." 28 U.S.C. § 1332(a).  Plaintiffs pray for judgment against Defendant

17 in the amount of $10,000 for general damages, $10,000 for breach of fiduciary duty, and $1,000,000

18 in punitive damages.  (Doc. 1, p. 28.)

19        Plaintiffs' prayer for $10,000 in damages for Defendant's breach of fiduciary duty appears

20 to be unfounded.  "As a general rule, a financial institution owes no duty of care to a borrower where

21 the institution's involvement in the loan transaction does not exceed the scope of its conventional

22 role as a lender of money."  *Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1056 (E.D. Cal. 2009)

23 (citing *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991)).  As such,

24 there does not appear to be a fiduciary relationship between Plaintiffs and Defendant.  Thus,

25 Plaintiffs' prayer for relief, as currently pled, is limited to the prayer for $10,000 in general damages

26 and the prayer for punitive damages.

27        Plaintiffs' complaint cannot meet the requisite $75,000 minimum controversy amount without

28 considering Plaintiffs' punitive damages claim.  Punitive damages may be considered in determining

5

1   the amount in controversy if they are recoverable as a matter of state law. *See Gibson v. Chrysler*

2   *Corp.*, 261 F.3d 927, 945 (9th Cir.2001). "However, the mere possibility of an award of . . . punitive

3   damages is not sufficient to prove that the amount in controversy has been met . . . . [Plaintiffs] must

4   present evidence indicating the amount of punitive damages . . . will, more likely than not, exceed

5   the amount needed to increase the amount in controversy to $75,000." *Bussa v. Chase Home*

6   *Finance, LLC*, No. 3:10–cv–0782–LRH–VPC, 2011 WL 1808032, at *2 (D.Nev. May 12, 2011).

7         It is not clear upon what allegations Plaintiffs are basing their prayer for punitive damages.

8   The Court notes that Plaintiffs allege a cause of action for fraud, which allows for exemplary

9   damages under California law. *See* Cal. Civ. Code § 3294.  However, as discussed below, Plaintiffs'

10  fraud claim is not properly pled.  Further, Plaintiffs do not link their prayer for punitive damages to

11  their fraud allegations.  As such, Plaintiffs fail to establish a basis for punitive damages and thus

12  have not sufficiently shown that the matter in controversy exceeds the sum or value of $75,000.

13        Accordingly, Plaintiffs have failed to establish that this Court has subject-matter jurisdiction

14  over their complaint.

15  **C.    Plaintiffs' Underlying Factual Allegations are Vague, Unclear, and Contradictory**

16        The events surrounding the allegations in Plaintiffs' complaint are unclear.  Plaintiffs do not

17  allege the date they entered into their mortgage, nor any dates concerning their request for

18  modification or the foreclosure process.  Plaintiffs do not clearly establish Defendant's role in these

19  proceedings or whether Defendant was the initial lender of Plaintiffs' mortgage or a later assignee;

20  Plaintiffs allege both that an "employee of Citibank" handled the initial loan application process and

21  that Defendant was an assignee of the loan. (*See, e.g.*, Doc. 1, ¶¶ 21, 74-75.)  Plaintiffs do not

22  clearly establish that the real property in question was foreclosed upon or the current status of the

23  property, as Plaintiffs seek to set aside the trustee's sale that has already occurred and contradictorily

24  assert that they "will incur the loss of [their] personal residence if a non-judicial foreclosure is

25  allowed to proceed." (Doc. 1, ¶¶ 52, 73-79.)

26        The only information that can be clearly gleaned from Plaintiffs' complaint is that they

27  entered into a mortgage with some lender (which may or may not have been Defendant), they applied

28  for a loan modification that was denied, and the subject real property was likely (but not certainly)

6

foreclosed. Before the Court can determine the viability of Plaintiffs' claims, Plaintiffs must first clearly allege the factual basis upon which their claims are made. As such, Plaintiffs must amend their complaint to clearly set forth when the events occurred, who was involved, what happened, and Defendant's role in the events.

**D.    Plaintiffs' Causes of Action are Not Properly Pled**

Plaintiffs' complaint asserts causes of action for: (1) violation of California Civil Code § 2923.6; (2) promissory estoppel; (3) fraud; (4) set aside a trustee's sale; (5) void or cancel trustee's deed upon sale; (6) wrongful foreclosure; (7) breach of contract; (8) breach of the covenant of good faith and fair dealing; (9) violation of the California Business and Professions Code § 17200; (10) quiet title; (11) slander of title; (12) declaratory relief; (13) violation of California Civil Code § 1788.17; and (14) violation of California Civil Code § 1572. (Doc. 1.) Plaintiffs do not properly plead any of these claims.

**1.    Violation of California Civil Code § 2923.6**

Plaintiffs' first claim alleges violations of California Civil Code section 2923.6 based on Defendant's failure to provide a loan modification. Plaintiffs assert that they are willing to execute a loan modification on certain terms and that Defendant is "now contractually bound to accept the loan modification." (Doc. 1, ¶¶ 59, 63.)

Section 2923.6 provides in pertinent part:

(a) The Legislature finds and declares that any duty servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool, . . . and that a servicer acts in the best interests of all parties . . . if it agrees to or implements a loan modification or workout plan for which both of the following apply:

(1) The loan is in payment default, or payment default is reasonably foreseeable.

(2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.

(b) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification is consistent with its contractual or other authority.

Section 2923.6 does not provide a private claim for relief to borrowers. *Garza v. Bank of Am., N.A.*, No. 1:12cv0140 LJO DLB, 2012 WL 469842, at *2 (E.D. Cal. Feb. 13, 2012); *Bulaoro v. Oro Real, Inc.*, No. C 11–03059 WHA, 2011 WL 6372458, at *9 (N.D. Cal. Dec. 20, 2011). "[N]othing

in Cal. Civ. Code § 2923.6 imposes a duty on servicers of loans to modify the terms of loans or creates a private right action for borrowers." *Manabat v. Sierra Pac. Mortg. Co., Inc.*, No. CV F 10-1018 LJO JLT, 2010 WL 2574161, *9 (E.D. Cal. Jun. 25, 2010) (citation omitted). "Section 2923.6 does not require a lender to enter into a loan modification to serve the parties' best interests." *Id.*  As such, Plaintiffs lack an actionable claim under Section 2923.6.

**2.     Promissory Estoppel**

Plaintiffs' second claim alleges promissory estoppel based on Defendant's failure to enter into a loan modification. (Doc. 1, ¶¶ 64-68.)  A claim for promissory estoppel requires: "(1) a promise that is clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his or her reliance." *Boon Rawd Trading Int'l Co., Ltd. v. Paleewong Trading Co., Inc.*, 688 F. Supp. 2d 940, 953 (N.D. Cal. 2010) (citing *Ecology, Inc. v. State of Cal.*, 129 Cal. App. 4th 887, 901-02, 904 (2005)).

Here, Plaintiffs allege that Defendant "made representations to Plaintiffs that negotiations [would] take place for the purpose of modifying the terms of the Subject Loan." (Doc. 1, ¶ 66.) Plaintiffs further allege that "in reliance" on Defendant's representations, "Plaintiff[s] continued to make payments on the Subject Property and did not pursue legal action.  Defendant, without making any attempts to modify the terms of the Subject Loan, issued a Notice of Trustee Sale and foreclosed on the property." (Doc. 1, ¶ 67.)

Based on the complaint, Plaintiffs applied for a loan modification but Defendant denied their application prior to foreclosure. (Doc. 1, ¶ 26.)  Plaintiffs' allegations do not indicate that Defendant clearly and unambiguously, promised to modify Plaintiffs' loan, only that negotiations would occur. Accordingly, Plaintiffs do not establish a promise made by Defendant that was clear and unambiguous, and thus fail to state a claim for promissory estoppel. *See Palmerin v. Bank of New York Trust Co.*, No. 1:12cv0139 LJO DLB, 2012 WL 393650, at *2 (E.D. Cal. Feb. 6, 2012).

**3.     Fraud**

Plaintiffs' third claim alleges fraud based on Defendant's purported concealment of material facts regarding the payments, notices, assignments, transfers, late fees and charges with the intent

to defraud. (Doc. 1, ¶ 70.)  Plaintiffs assert they would not have used Defendant as their lender, servicer, and trustee if they had known the true facts and/or they would have taken legal action immediately to save their house. (Doc. 1, ¶ 71.)

The elements of a claim for fraud include: (1) misrepresentation by way of a false representation, concealment, or non-disclosure; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *See Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004) (citing *Small v. Fritz Cos., Inc.*, 30 Cal. 4th 167, 173 (2003)).  Under the requirements of Federal Rule of Civil Procedure 9(b), "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  It is "established . . . that Rule 9(b)'s particularity requirement applies to state-law causes of action." *Vess*, 317 F.3d at 1103.  Rule 9(b) "requires more specificity [than Rule 8], including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz*, 476 F.3d at 764.

"'[T]o establish a cause of action for fraud a plaintiff must plead and prove in full, factually and specifically, all of the elements of the cause of action' . . . .  There must be a showing 'that the defendant thereby intended to induce the plaintiff to act to his detriment in reliance upon the false representation' and 'that the plaintiff actually and justifiably relied upon the defendant's misrepresentation in acting to his detriment.'" *Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d 1051, 1063 (E.D. Cal. 2010) (citing *Conrad v. Bank of Am.*, 45 Cal. App. 4th 133, 156, 157 (1996)). The complaint must contain "facts to support each fraud element." *Saldate*, 686 F. Supp. 2d at 1065. Further, "in a fraud action against a corporation, a plaintiff must 'allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.'" *Id.*  (citing *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991)).

Plaintiffs' complaint fails to state a claim for fraud.  Plaintiffs' fraud allegations appear to be premised on the failure of Defendant to explain the full terms of the loan or the loan modification, but "Plaintiffs do not allege that Defendant[] made any false statements about the terms of the deal." *Palmerin*, 2012 WL 393650, at *3.  The complaint "fails to satisfy [Rule] 9(b)['s] 'who, what, when,

where and how' requirements . . . . The complaint makes bare reference to a general misrepresentation with no required details.  The complaint makes no effort to allege names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Saldate*, 686 F. Supp. 2d at 1065. Plaintiffs' complaint fails to substantiate the circumstances alleging falseness attributable to Defendant and lacks facts to support each fraud element.

Further, to the extent Plaintiffs' fraud claim is based on the contention that they obtained a loan from Defendant that they could not afford or that Defendant concealed the fact that Plaintiffs were not qualified for the loan (*see* Doc. 1, ¶ 21), the claim fails.  *See, e.g.*, *Palmerin*, 2012 WL 393650, at *3; *Cross v. Downey Savings & Loan Ass'n*, No. CV 09-317 CAS (Ssx), 2009 WL 481482, at *5 (C.D. Cal. Feb. 23, 2009) (lender has no duty to determine the borrower's ability to repay the loan).

### 4.    Set Aside Trustee's Sale and Void or Cancel Trustee's Deed Upon Sale

Plaintiffs' fourth and fifth claims to set aside the trustee's sale and to cancel the trustee's deed upon sale allege that Defendant did not have the legal authority to foreclose on the real property because the Deed of Trust was improperly assigned and/or transferred from the original lender. (Doc. 1, ¶¶ 73-79.)  Accordingly, Plaintiffs seek an order that the trustee's sale was void and canceling the trustee's deed upon sale.  (Doc. 1, ¶¶ 76, 79.)

As noted above, Plaintiffs allege both that Defendant initiated the loan (*see* Doc. 1, ¶ 21), and was the assignee of the loan (*see* Doc. 1, ¶¶ 74-75).  As such, the factual basis for these claims is unclear, as Plaintiffs have not sufficiently established Defendant's role in regards to the loan.

Further, the Court cannot consider these claims unless Plaintiffs are able to tender the full amount due.  "A party may not without payment of the debt, enjoin a sale by trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale . . . . " *Sipe v. McKenna*, 88 Cal. App. 2d 1001, 1006 (1948).  A default borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d, 1160, 1169

1  (E.D. Cal. 2010) (citing *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (1996), *cert.*

2  *denied,* 519 U.S. 1081 (1997)).

3          "The rules which govern tenders are strict and are strictly applied." *Nguyen v. Calhoun*,

4  105 Cal. App. 4th 428, 439 (2003) (citation omitted).   An action to set aside a foreclosure sale,

5  unaccompanied by an offer to redeem, does not state a cause of action which a court of equity

6  recognizes. *Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 117 (1971).   Moreover, an offer

7  of performance is of no effect if the person making it is not able to perform.   *Id.* at 118.   In other

8  words, if the offeror "is without the money necessary to make the offer good and knows it[,]" the

9  tender is without legal force or effect.   *Id.*

10          "It would be futile to set aside a foreclosure sale on the technical ground that notice was

11  improper, if the party making the challenge did not first make full tender and thereby establish his

12  ability to purchase the property." *U.S. Cold Storage v. Great W. Sav. & Loan Ass'n*, 165 Cal. App.

13  3d 1214, 1224 (1985).   "A cause of action 'implicitly integrated' with the irregular sale fails unless

14  the trustor can allege and establish a valid tender." *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App.

15  3d 575, 579 (1984); *see also Anaya v. Advisors Lending Grp.*, No. 09-cv-1191 LJO DLB, 2009 WL

16  2424037, at *10 (E.D. Cal. Aug. 5, 2009) ("Plaintiff offers nothing to indicate that she is able to

17  tender her debt to warrant disruption of non-judicial foreclosure."); *Alicea v. GE Money Bank*, No. C

18  09-00091 SBA, 2009 WL 2136969, at * 3 (N.D. Cal. July 16, 2009) ("When a debtor is in default

19  of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must

20  allege a credible tender of the amount of the secured debt to maintain any cause of action for

21  foreclosure.").

22          Plaintiffs have not alleged in the complaint that they have tendered the amount due on the

23  loan or that they have a meaningful ability to do so.   The record's silence on Plaintiffs' tender, or their

24  ability to tender, amounts outstanding implies an inability to do so.   Further, the allegations do not

25  indicate facts that the sale under the deed of trust could be considered void such that an exception

26  to the tender rule might apply.   *See Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022,

27  1034-35 (N.D. Cal. 2010) (dismissing wrongful foreclosure claim noting that plaintiff cited no

28  authority that would render tender rule inapplicable where assignment of deed of trust was invalid).

Without a meaningful tender from Plaintiffs, the remedy sought cannot be granted and Plaintiffs fail to state viable claims.

### 5.      Wrongful Foreclosure

Plaintiffs' sixth claim for wrongful foreclosure, like their claims to set aside the trustee's sale and to cancel the deed of trust upon sale, fails to state a claim because Plaintiffs have not alleged their ability to tender.  *Palmerin*, 2012 WL 393650, at *4.  "Plaintiffs do not have an actionable wrongful foreclosure claim absent credible allegations of the ability to tender the indebtness." *Id*.

To the extent that Plaintiffs assert that Defendant was required to possess the original note to foreclose on the real property (Doc. 1, ¶¶ 81-82), Plaintiffs are mistaken.  "It is well established that there is no requirement under California law that the party initiating foreclosure be in possession of the original note."  *Clark v. Countrywide Home Loans, Inc.*, 732 F. Supp. 2d 1038, 1043 (E.D. Cal. 2010) (plaintiff's assertion that defendants did not possess the note was not grounds for a wrongful foreclosure claim); *see also Palmerin*, 2012 WL 393650, at *5; *Nool*, 653 F. Supp. 2d at 1053 ("It is well-established that non-judicial foreclosures can be commenced without producing the original promissory note"); *Putkkuri v. Recontrust Co.*, No. 08cv1919 WQH, 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009) ("Production of the original note is not required to proceed with a non-judicial foreclosure."); *Candelo v. NDex West, LLC*, No. CV F 08-1916 LJO DLB, 2008 WL 5382259, at *4 (E.D. Cal. Dec. 23, 2008) ("No requirement exists under statutory framework to produce the original note to initiate non-judicial foreclosure.").

Accordingly, Plaintiffs fail to state a claim for wrongful foreclosure.

### 6.      Breach of Contract

Plaintiffs' seventh cause of action is for breach of contract.  In California, a cause of action for breach of contract has four elements: (1) allegations that a contract exists between the parties; (2) that plaintiff has performed all the contractual duties or was excused from nonperformance, (3) that defendant has breached the contractual duties, and (4) that plaintiff's damages were a result of the breach.  *Reichert v. Gen. Ins. Co.*, 68 Cal. 2d 822, 830 (1968).

Although Plaintiffs allegations are unclear, it appears that they are alleging that Defendant breached the contract by failing to properly apply their payments to the note.  (Doc. 1, ¶ 90.)

"However, it is unclear whether Plaintiffs were compliant with their payment obligations given the notice of default and their allegations that payments were applied to interest, not principal, based on a negative amortization home loan." *Palmerin*, 2012 WL 393650, at *5; *see* Doc. 1, ¶¶ 26-27, 30-31. As such, Plaintiffs fail to establish that they had performed all their contractual duties or were excused from nonperformance, and fail to sufficiently identify Defendant's breach. Plaintiffs thus fail to state a breach of contract claim.

### 7.     Breach of the Covenant of Good Faith and Fair Dealing

Plaintiffs set forth a claim for breach of the covenant of good faith and fair dealing based on Defendant's refusal to assist Plaintiffs with alternative options to prevent foreclosure and refusal to modify the loan. (Doc. 1, ¶¶ 94-95.)

A claim for breach of the covenant of good faith and fair dealing is predicated upon the existence of an underlying contract. *See Racine & Laramie, Ltd. v. Dep't of Parks & Rec.*, 11 Cal. App. 4th 1026, 1031 (1992) ("The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation."). "To establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract." *Fortaleza v. PNC Fin. Servs. Grp.*, Inc., 642 F. Supp. 2d 1012, 1021-22 (N.D. Cal. 2009) (citing *Racine*, 11 Cal. App. 4th at 1031). The "implied covenant of good faith and fair dealing is limited to assuring compliance with the *express terms* of the contract, and cannot be extended to create obligations not contemplated by the contract." *Pasadena Live, LLC v. City of Pasadena*, 114 Cal. App. 4th 1089, 1094 (2004) (citation omitted).

The only contract established in Plaintiffs' complaint is the initial loan agreement, under which Plaintiffs imply they were in default. (Doc. 1, ¶¶ 21-27.) There is no allegation that the original loan documents required Defendant to modify the terms of Plaintiffs' loan. Accordingly, Plaintiffs fail to establish the underlying contractual obligation that Defendant breached, and thus fail to state a claim for breach of the implied covenant of good faith and fair dealing. *See Palmerin*, 2012 WL 393650, at *5.

1    **8.     California Business & Professions Code Section 17200**

2    Plaintiffs' ninth cause of action alleges violation of California's Unfair Competition Law

3    ("UCL"), codified at California Business and Professions Code §§ 17200.  Plaintiffs assert that

4    Defendant engaged in deceptive practices with respect to mortgage servicing, assignments of notes

5    and deeds of trusts, foreclosures of residential properties, and related matters.  (Doc. 1, ¶¶ 103-04.)

6    The UCL prohibits "any unlawful or fraudulent business act or practice." Cal. Bus. & Prof.

7    Code § 17200.  Even business practices that are merely unfair, and not necessarily unlawful, may

8    violate this section.  *Gregory v. Albertson's Inc.*, 104 Cal. App. 4th 845, 850 (2002); *Cel-Tech*

9    *Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) .  Pursuant to section 17200,

10   an act is "unlawful" if it violates an underlying state or federal statute.  *Cel-Tech Commc'ns, Inc.*,

11   20 Cal. 4th at 180 ("[The UCL's] coverage is sweeping, embracing anything that can properly be

12   called a business practice and that at the same time is forbidden by law.") (internal citations and

13   quotation marks omitted).  Claims set forth pursuant to section 17200 must state with reasonable

14   particularity the facts supporting the statutory elements of the violation.  *Khoury v. Maly's of Cal.,*

15   *Inc.*, 14 Cal. App. 4th 612, 619 (1993).  "To state a cause of action based on an unlawful business

16   act or practice under the UCL, a plaintiff must allege facts sufficient to show a violation of some

17   underlying law." *Finuliar v. BAC Home Loans Servicing, L.P.*, No. C–11–02629 JCS, 2011 WL

18   4405659, at *9 (N.D. Cal. Sept. 21, 2011) (citing *People v. McKale*, 25 Cal.3d 626, 635 (1979)).

19   Here, Plaintiffs do not have any viable underlying claims that can serve as the basis for the

20   UCL claim, and fail to identify the underlying law Defendant purportedly breached.  As such,

21   Plaintiffs' claim for violation of section 17200 fails.

22   **9.     Quiet Title and Slander of Title**

23   Plaintiffs' tenth claim seeks to quiet the title to the residential property, and the eleventh

24   claim alleges that Defendant slandered the title when the Notice of Default, Notice of Trustee's Sale,

25   and Trustee's Deed Upon Sale were recorded.  (Doc. 1, ¶¶ 115, 118-20.)

26   California Code of Civil Procedure section 761.020 provides that a claim for quiet title shall

27   be verified and shall include: (1) a legal description and street address of the subject real property;

28   (2) the title of the plaintiff as to which determination is sought and the basis of the title; (3) the

adverse claims to the title of the plaintiff against which a determination is sought; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims.  Here, the complaint fails to establish "adverse claims" to Plaintiffs' title. A deed of trust "carries none of the incidents of ownership of the property, other than the right to convey upon default on the part of the debtor in payment of his debt ." *Lupertino v. Carbahal*, 35 Cal. App. 3d 742, 748 (1973).  Thus, Plaintiffs have not alleged that Defendant has an interest in the property subject to a quiet title claim.  *See Palmerin*, 2012 WL 393650, at *6.

Further, a quiet title claim is doomed in the absence of Plaintiffs' tender.  *Id.*  "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934); *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (1974) (trustor is unable to quiet title "without discharging his debt").  As such, Plaintiffs cannot maintain a quiet title claim in the absence of a meaningful ability or willingness to tender their indebtedness.

Plaintiffs further allege slander of title, which "occurs when a person, without a privilege to do so, publishes a false statement that disparages title to property and causes pecuniary loss." *Truck Ins. Exch. v. Bennett*, 53 Cal. App. 4th 75, 84 (1997). "The elements of the tort are (1) publication, (2) absence of justification, (3) falsity and (4) direct pecuniary loss." *Id.* (internal quotation marks omitted).  Plaintiffs fail to allege a basic element of a slander of title claim, i.e., the falsity of the documents recorded by Defendant.  Plaintiffs also fail to allege that Defendant was not justified in its action or that direct pecuniary loss to Plaintiffs resulted due to the publications.  *See Palmerin*, 2012 WL 393650, at *6-*7.  Accordingly, Plaintiffs fail to state a slander of title claim.

### 10.   Declaratory Relief

Plaintiffs' twelfth claim is for declaratory relief and is ultimately a request for relief based upon Defendant's wrongful foreclosure and other substantive claims.  (Doc. 1, ¶¶ 126-29.)  When a claim for declaratory relief seeks to address past wrongs and is duplicative of other claims, then the declaratory relief is unnecessary and redundant.  *See Palmerin*, 2012 WL 393650, at *7; *Chan v. Chancelor*, No. 09cv1839 AJB (CAB), 2011 WL 5914263, *6 (N.D. Cal. Nov. 28, 2011); *Ruiz v. Mortg. Elec. Registration Sys., Inc.*, No. CIV. S-09-0780 FCD DAD, 2009 WL 2390824, *6 (E.D.

Cal. Aug. 3, 2009) (dismissing claim for declaratory judgment where foreclosure already occurred). As such, Plaintiffs' claim for declaratory relief is unnecessary, particularly where the foreclosure of their real property has already taken place. *Palmerin*, 2012 WL 393650, at *7.

**11.     Violation of the Fair Debt Collections Act, California Civil Code Section 1788.17**

Plaintiffs' thirteenth claim alleges a violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), codified at California Civil Code § 1788.   The RFDCPA prohibits "debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." Cal. Civ. Code § 1788.1(b). The RFDCPA defines "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code § 1788.2(c).   Foreclosing on a property is not the collection of a debt within the meaning of the RFDCPA. *Izenburs v. ETS Services, LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008); *see also Altman v. PNC Mortg*., __ F. Supp. 2d __, No. CV F 11–1807 LJO MJS, 2012 WL 174966, at *8 (E.D. Cal. Jan. 20, 2012) (dismissing RFDCA claim because foreclosure does not constitute debt collection).   As Plaintiffs' claims arise out of foreclosure on their residential property pursuant to a deed of trust, they cannot state a claim for violation of the RFDCPA. *See Palmerin*, 2012 WL 393650, at *7.

**12.     Violation of California Civil Code Section 1572**

Plaintiffs' fourteenth cause of action is for violation of California Civil Code section 1572, which essentially codifies the elements of common law fraud. *See Palmerin*, 2012 WL 393650, at *3. Because Plaintiffs have alleged common law fraud, their claim under Section 1572 is redundant. *Id*. Further, for the reasons set forth above, Plaintiffs' allegations lack specificity and are insufficient to state a claim for fraud.

**E.     Amendment of Pleadings**

For the reasons set forth above, the Court DISMISSES Plaintiffs' complaint without prejudice and with leave to amend.   Plaintiffs should only amend those claims that they believe, given the above standards, are viable.

Plaintiffs are advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.   As a general rule, an amended complaint supersedes

16

the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiffs file an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.  If Plaintiffs fail to file an amended complaint or fail to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.

### IV.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiffs' complaint be DISMISSED without prejudice and with leave to amend; and

2.      Plaintiffs SHALL file an amended complaint within thirty (30) days from the date of this order.

IT IS SO ORDERED.

**Dated:    April 30, 2012**                          **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE